# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DOUG AND MIKA RACE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-001437** |
| | ) | **Judge Aleta A. Trauger** |
| **MICHAEL GAULT, ESQ.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is the Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and Motion in Limine to Exclude the Report and Testimony of Kannon Conway Pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 37(c)(1) ("Motion to Exclude"), filed by plaintiffs Doug and Mika Race. (Doc. No. 49.) The defendants, a law firm and several individual lawyers, oppose the motion. (Doc. No. 54). As set forth herein, the Motion to Exclude, which borders on the frivolous, will be denied.

## I.      LEGAL STANDARDS

### A.      Federal Rule of Civil Procedure 37(c)(1)

Rule 37(c) provides a sanction for discovery violations. In relevant part, it states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," or the court finds that a different or additional sanction is warranted. Fed. R. Civ. P. 37(c)(1). Rules 26(a) and (e) govern the disclosure and supplementation of any disclosure of evidence to other parties. *See, e.g.*, Fed. R. Civ. P. 26(a) (identifying the initial disclosures "a party must . . . provide to the other parties").

## B.       Federal Rule of Evidence 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Thus, aside from establishing a witness's qualifications as an expert, the proponent of expert testimony must persuade the court by a preponderance of the evidence that the expert's testimony is both relevant and reliable. *United States v. LaVictor*, 848 F.3d 428, 441 (6th Cir. 2017) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)).

Notably, Rule 702 was amended in 2023 to emphasize that the *court* is entrusted with determining whether the admissibility criteria have been established, rather than treating them as "questions of weight" to be determined by the factfinder. Fed. R. Evid. 702 advisory committee's notes to 2023 amendment; *see also* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."). However, "nothing in the amendment requires the court to nitpick an expert's opinion in order to reach a perfect expression of what the basis and methodology can support. The Rule 104(a) standard does not require perfection." Fed. R. Evid. 702 advisory committee's notes to 2023 amendment. "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Onglyza (Saxagliptin) &*

*Kombiglyze (Saxagliptin & Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 345 (6th Cir. 2024) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529–30 (6th Cir. 2008)). "The party proffering the expert . . . bears the burden of showing by a preponderance of the evidence that the expert satisfies Rule 702." *Id.*

## II.     BACKGROUND

The court presumes familiarity with the contemporaneously filed Memorandum and Order on the defendants' summary judgment motion and supplies herein only the background strictly necessary to the present Motion to Exclude.

This is a legal malpractice action over which the court has diversity jurisdiction. The defendants previously represented the plaintiffs in responding to a Petition for Condemnation filed by the City of Pigeon Forge, Tennessee ("City") in the Circuit Court for Sevier County, Tennessee (the "Underlying Case"). The Complaint in this case asserts that the defendants breached the applicable standard of care, insofar as they failed to conduct an adequate pre-suit investigation, failed to challenge the taking of their property (the "Property") in the Underlying Case as unconstitutional because it was not for a public purpose, failed to keep the plaintiffs apprised of important events during the litigation, and entered into an Agreed Order of Possession without the plaintiffs' permission or knowledge. (*See generally*, Compl., Doc. No. 1.)

In the case in this court, the parties have concluded discovery, and the defendants have filed a Motion for Summary Judgment that relies, in part, upon the opinion of their proffered expert, Kannon Conway. Conway is an attorney licensed to practice law in Tennessee, engaged in an active legal practice with a firm based in Memphis, Tennessee. His practice is primarily devoted to the representation of property owners whose property is being taken by government entities under the power of eminent domain. (*See* Doc. No. 43-18 at 11–12, Conway C.V.) In his Rule 26 Report ("Conway Report"), Conway opines that: the defendants complied with the duty they owed

to the plaintiffs as their clients in an attorney-client relationship; the defendants acted within the scope of their engagement by the Races; the defendants provided sound legal advice and adequately communicated this advice; they took appropriate steps to protect the Races' financial interests; they provided competent representation in the Underlying Case; and the Races did not suffer harm as the result of any alleged breach of duty by the defendants. (Conway Report 10.)

The plaintiffs now move to exclude Conway's testimony and expert report, citing Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 37(c)(1). As a basis for sanctions and exclusion of the Report under these rules, they assert that the Conway Report is rife with factual errors, including (1) that the City voted to approve the "Pink" route, which would affect the plaintiffs' and other property owners' properties, when the record clearly establishes that the "Pink" route would not have impacted the plaintiffs' Property and, in fact, was not the route ultimately chosen by the City for the location of the Westside Connector road; (2) that the City voted to condemn the Property in November 2021, when that clearly did not occur until December 2023; and (3) the mayor did not abstain from the condemnation vote. (Doc. No. 49 at 6–7.)

Second, the plaintiffs assert that the defendants provided Conway an incomplete factual record. Specifically, they claim that the defendants "withheld documents and emails that would have demonstrated that the City and Mayor Wear abused their power by secretly re-routing the Westside Connection" without following the necessary procedures. They attach to their Motion to Exclude numerous exhibits that they contend defendants should have, but failed, to provide to Conway prior to the formation of his opinions. To be clear, the plaintiffs do not appear to contend that the defendants failed to provide *them* with documents they were obligated to produce.

Third, they contend that Conway "improperly relies" on a 2019 Multimodal Corridor Study performed by CDM Smith as "demonstrat[ing] that the City conducted a proper feasibility study

and traffic impact analysis for the Westside Connector project." (Doc. No. 49 at 9.) According to the plaintiffs, this study was geographically inapplicable, as it concerned a location "entirely separate and distinct from the Westside Connector project area," as Conway himself expressly conceded during his deposition. (*Id.* at 9–10.) The plaintiffs further contend that Conway supplied "contradictory" testimony when asked during his deposition what documents he reviewed regarding the City's planning process, appears to have relied on unauthenticated "notes" rather than authenticated council meeting minutes, and mischaracterizes informal notes as "minutes." (*Id.* at 12.)

The plaintiffs contends that the Conway Report should be excluded under Rule 702, because its is not based on sufficient facts or data, and his "assumptions lack record support" and are "contradicted by the evidence. (*Id.* at 14.) They also contend that the Report should be excluded under Rule 403, as the probative value of the Report is substantially outweighed by the danger of unfair prejudice. They argue that their challenge to the Conway Report is not premised on mere disagreement with his conclusions. Rather, they maintain that his "futility/right-to-take" opinion "depends on materially incorrect and incomplete premises," such that his opinion amounts to no more than speculation. (*Id.* at 17–18.)

In addition, the plaintiffs claim that Rule 37(c) is implicated, because the defendants "fail[ed] to provide information as required by the expert-disclosure rules," and such failure was not harmless. (*Id.* at 15.) For relief, the plaintiffs demand that the court exclude Conway's Report and testimony under both Rule 37(c)(1) and Rule 702 and impose additional sanctions under Rule 37, requiring defendants to "identify and produce" any non-privileged documents and data and "counsel-supplied assumptions" on which he relied. Alternatively, they ask the court to order "curative" measures, including supplementation of Conway's Report, reopening of his deposition

and discovery necessitated thereby, and limiting his testimony to "opinions demonstrably supported by the disclosed facts or data tied to the Westside Connector project record." (Doc. No. 54 at 18–19.)

The defendants respond, specifically regarding the Rule 37 issue, that the plaintiffs have failed to demonstrate any discovery violation at all, much less one that warrants sanctions under Rule 37. (Doc. No. 54.) The defendants submit the Affidavit of Ann H. Murphy, one of the lawyers for the defendants, who attests that she provided Conway with, among other things, the "Defendants' entire document production" and "all documents received from the plaintiffs in discovery," as well as the plaintiffs' deposition transcripts, the plaintiffs' expert disclosure, reports, and deposition transcript, and the Property appraisals. (Doc. No. 54-4, Murphy Aff. ¶ 5.) Murphy attests that, after Conway completed his Report, she provided plaintiffs' counsel with the Report, the defendants' expert disclosures, and "all materials provided to Mr. Conway." (*Id.* ¶¶ 7–8.) The next day, she received an email from plaintiffs' attorney Ross Egli's assistant, Wendy Egli, stating: "You know we have the CDM Smith emails after the October 26, 2021 'hearing' proving that your expert is lying also emails from TDOT and much more." (*Id.* ¶ 9; *see also* Doc. No. 54-4 at 11.) Murphy replied that she was unaware of the documents to which Wendy Egli referred and that the documents were not produced in discovery. (Murphy Aff. ¶ 10; Doc. No. 54-4 at 11.) The parties went back and forth disputing this issue, until they decided they should bring it to the court's attention instead, but plaintiffs' counsel's office refused either to show where and when the referenced emails had been produced or to concede that they had not been produced. (Doc. No. 54-4 at 9–10.) Defense counsel later was able to procure some of the documents to which the plaintiffs' counsel referred through the City's attorney, and she provided all of those documents to Conway and to plaintiffs' counsel. (Murphy Aff. ¶¶ 11–14.) Murphy concludes that Exhibits A,

B, C, F, I, J, and O to plaintiffs' Motion to Exclude, and on which their motion is largely premised, were never produced by the plaintiffs in discovery and were not in the defendants' possession until these documents were filed as exhibits to the plaintiffs' Motion to Exclude.

Regarding the Rule 702 argument, the defendants assert that the plaintiffs' "factual error" arguments are refuted by the record. (Doc. No. 54 at 5.) Specifically, they point out that the alleged factual inaccuracies in Conway's Report regarding the route selection were fully addressed during Conway's deposition, during which Conway testified that his report was based on material available at the time he produced his Report and that he later viewed additional documents bearing on the route-selection process that were not available when he prepared his Report. (*See* Doc. No. 54-1, Conway Dep. 26, 59.) He also clarified the route-selection history, specifically acknowledging that the City changed the route based on the impact to the campground, and that, regardless, he stood by his opinion that the City's decisions did not reflect arbitrary or capricious conduct and that challenging the taking would have been futile and wasteful. (*Id.* at 61, 63–64, 67.)

As for the plaintiffs' assertion that Conway was confused about the condemnation date, the defendants argue that the *plaintiffs* "conflate[] distinct events occurring years apart—approval of the route and later condemnation proceedings." (Doc. No. 54 at 7.) Conway did not opine that the *condemnation* occurred in 2021; he stated that the City approved a route for the Westside Connector in 2021. (*See* Doc. No. 43-18, Conway Report 2.)

As for the plaintiffs' allegations regarding the "incomplete record," the defendants contend, first, that these documents were not produced by the plaintiffs in discovery and, second, that, even without these documents, Conway's opinion relied on "sufficient facts and data" as required by

Rule 702. The defendants also point out that Conway did not change his opinion after being confronted with the additional materials.

Regarding the plaintiffs' reference to Conway's review of a "public statement released by the City" in 2024, summarizing the eminent domain process as it relates to the plaintiffs and the City's interactions with the plaintiffs, as reliance on "a party's own self-serving summary of its own positions," the defendants argue that the plaintiffs incorrectly conflate the defendants with the City, which are not the same at all. They argue that Conway's "methodology is not defective because he reviewed a public statement." (Doc. No. 54 at 7–8.)

Finally, the defendants contend that the remainder of the plaintiffs' challenges to Conway's Report—particularly his reliance on hearsay and some "minor numerical discrepancies"—do not identify methodological flaws and instead concern credibility or accuracy, which go to weight rather an admissibility. (*Id.* at 8 (citing *Cent. Mut. Ins. Co. v. Ferguson Enters., LLC*, No. 3:23-CV-00661, 2026 WL 1221661, at *7 (M.D. Tenn. May 4, 2026)).) They also contend that they have no duty to supplement until August 25, 2026, the deadline for pretrial disclosures. (*Id.* at 4.)

The plaintiffs did not choose to file a reply.

## III. DISCUSSION

The court finds, as an initial matter, that the plaintiffs' Motion to Exclude is not in compliance with Local Rule 7.01(a)(1), which requires a certification that counsel has conferred with counsel for the opposing party before filing the motion and a statement of whether the relief requested is opposed. On that basis alone, the motion is subject to denial.

Further, the court finds, based on its review of the Motion to Exclude and the documents filed by both parties, that neither exclusion of the defendants' expert's report nor any other sanction is warranted under Rule 37(a). The plaintiffs simply have not identified any discovery violation. At most, they contend that the defendants did not supply all available discovery materials to their

expert, but they do not contend that the defendants withheld discovery from them (though it appears that the plaintiffs may have withheld documents from the defendants).

As for exclusion under Rule 702, the court, in performing its gatekeeping function under that rule, finds that Conway is qualified to testify on the subject matter of his Report and that his proffered opinions are both reliable and relevant. An expert cannot be expected to review documents that were not produced in discovery, nor is he necessarily required to review every document produced in the case. *Accord Thacker v. Ethicon Inc.*, No. 5:20-cv-50-KKC, 2025 WL 2028082, at *3 (E.D. Ky. July 21, 2025) ("[N]othing in Daubert . . . requires an expert to consider every single article [or document] on a topic." (citation omitted)).[1] Regardless, Conway's Report and deposition testimony make clear what documents he did rely on, and the purported factual discrepancies identified by the plaintiffs are not material, were adequately explained and resolved during Conway's deposition, or are not factual discrepancies at all. His opinions clearly "rest[] upon a reliable foundation, as opposed to, say, unsupported speculation," *In re Onglyza*, 93 F.4th at 345, and there is no mismatch between those opinions and the facts of this case. Supplementation is not warranted at this juncture, and the plaintiffs have failed to show that the defendants were required to include with their expert disclosures any documents not already disclosed.

---

[1] Indeed, an expert's failure to review particular documents provides "fodder for cross examination," not a basis for exclusion. *Factory Mut. Ins. Co. v. CIMCO Refrigeration, Inc.*, No. 5:24-CV-17-REW-EBA, 2026 WL 821198, at *16 (E.D. Ky. Mar. 24, 2026) (citing *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000)).

## IV.  CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiffs' Motion to Exclude (Doc. No. 49) is hereby **DENIED** in its entirety.

It is so **ORDERED.**

_____

ALETA A. TRAUGER
United States District Judge